IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              CASE NO. CV-00-J-3017-S

HERBERT M. TARVER,

    Defendant.

## MEMORANDUM OPINION

Currently pending before the court is the plaintiff's motion for summary judgment (doc. 5), filed February 20, 2001; to which the defendant has not responded.

This case stems from the defendant's default on a school loan for which he signed a promissory note. Plaintiff's exhibit 1, complaint at ¶ 2. In his answer to the complaint, the defendant does not deny that he signed the note in question, but rather the plaintiff should have denied his loan because the defendant, on a non-party's advise, included false information in completing the loan application. *See* Answer. This court is not able to "waive" repayment of this loan under these circumstances.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. To avoid summary judgment, the non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

The defendant does not dispute that he signed the promissory note in question and did not file any evidence with the court in response to the defendant's motion for summary judgment. As such, this court finds that no genuine issue of material fact remains in this case and that the plaintiff is entitled to judgment as a matter of law.

In consideration of the foregoing, the Court **GRANTS** the plaintiff's motion for summary judgment. It is therefore **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of the plaintiff and against the defendant in the amount of $15,489.82 with interest to accrue at the rate of 9 percent per annum. Each party is to bear its own costs.

**DONE** and **ORDERED** this the ___15___ day of March, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE